IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRONE KELLY,** | : CIVIL ACTION NO. 1:25-CV-896 |
| Plaintiff | : (Judge Neary) |
| v. | : |
| **ACTING WARDEN,** *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

This is a putative class action lawsuit in which the named plaintiff, Tyrone Kelly, asserts that the United States Bureau of Prisons ("BOP") is violating the Administrative Procedures Act ("APA") in its implementation of the First Step Act ("FSA"). He seeks injunctive relief on behalf of himself and other BOP prisoners compelling the BOP to properly implement the FSA. The class complaint will be dismissed without prejudice to Kelly's right to file an amended complaint solely with respect to his individual claims for relief.

**I.    Factual Background & Procedural History**

Kelly is a prisoner in Schuylkill Federal Correctional Institution ("FCI-Schuylkill"). He filed this case on May 20, 2025, on behalf of himself and a putative class of other inmates incarcerated in federal prisons to challenge the BOP's policies implementing the FSA. (Doc. 1). Kelly has since filed two motions for leave to amend, the first of which clarifies the injunctive relief the complaint is seeking, and the second of which clarifies facts regarding Kelly's individual request for FSA time credit. (Docs. 6-7).

**II.     Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Discussion

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Kelly's complaint seeks injunctive relief on behalf of himself and other similarly situated inmates compelling the BOP to properly apply the FSA. This class complaint will be dismissed. "It is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Hagan v. Rogers, 570 F.3d 146, 159 (3d Cir. 2009) (cleaned up) (quoting Oxendine v.

Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)).[3] Thus, the court will dismiss the class complaint without prejudice to Kelly's right to file an amended complaint that asserts claims for relief solely on his own behalf.

## IV. Conclusion

Kelly's complaint is dismissed without prejudice to his right to file an amended complaint that asserts claims solely on his own behalf. Kelly's motions for leave to amend will be denied as moot. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   June 25, 2025

---

[3] The court in Hagan ultimately found that the district court's denial of the request for class certification was premature given that the plaintiffs had requested appointment of counsel to represent the putative class and the district court had not yet ruled on the motion to appoint counsel when it denied the motion for class certification. Hagan, 570 F.3d at 159. The court does not construe Kelly's complaint or other filings as requesting the appointment of counsel. To the extent he has made such a request, however, appointment of counsel is not warranted because Kelly has not made an adequate showing that his claims have merit. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) ("Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").