**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE KELLY,** | : | **CIVIL ACTION NO. 1:25-CV-896** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **ACTING WARDEN,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a civil case in which the plaintiff, Tyrone Kelly, asserts that the United States Bureau of Prisons ("BOP") is violating the Administrative Procedures Act ("APA") in its implementation of the First Step Act ("FSA"). The case was initially filed as a putative class action seeking injunctive relief on behalf of Kelly and a class of similarly situated inmates. The court previously dismissed the class complaint without prejudice to Kelly's right to file an amended complaint limited to his individual claims. As explained below, that amended complaint will now be dismissed with prejudice.

## I.    Factual Background & Procedural History

Kelly is a prisoner in Schuylkill Federal Correctional Institution ("FCI-Schuylkill"). He filed this case on May 20, 2025, on behalf of himself and a putative class of other inmates incarcerated in federal prisons to challenge the BOP's policies implementing the FSA. (Doc. 1). On June 25, 2025, the court dismissed the class complaint without prejudice for failure to state a claim upon which relief could be granted, noting that a pro se incarcerated litigant could not sue on behalf of a class of other inmates. (Docs. 8-9). The court granted Kelly leave to file an amended complaint "that asserts claims for relief solely

on his own behalf." (Doc. 8 at 5). Kelly subsequently filed two motions for leave to amend

and a proposed amended complaint. (Docs. 10, 12, 18).

II.    **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in

a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a

governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The

court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have
been paid, the court shall dismiss the case at any time if the court determines
that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune
        from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any
event, as soon as practicable after docketing, a complaint in a civil action in
which a prisoner seeks redress from a governmental entity or officer or
employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable
claims or dismiss the complaint, or any portion of the complaint, if the
complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief
    may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such
    relief.

monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>See</u>, <u>e.g.</u>, <u>Coward v. City of Philadelphia</u>, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); <u>Smith v. Delaware</u>, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Phillips</u>, 515 F.3d at 232 (alteration in original) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. <u>See</u> <u>Santiago v. Warminster Township</u>, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" <u>Id.</u> at 130 (alteration in original) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. <u>Id.</u> at 131-32; <u>see</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." <u>Iqbal</u>, 556 U.S. at 679 (citing <u>Twombly</u>, 550 U.S. at 556). A claim is facially

3

plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**III.    Discussion**

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of participation. Id.

Kelly's original complaint sought injunctive relief on behalf of himself and other similarly situated inmates compelling the BOP to properly apply the FSA. (Doc. 1). The court dismissed that complaint and directed Kelly to file an amended complaint limited to his individual claims. (Docs. 8-9). Kelly filed an amended complaint, but rather than alleging any facts to support his individual claims, he simply refiled the original class complaint with several pages deleted and several words and phrases redacted. (Compare

Doc. 1, with Doc. 12). The resulting factual statement provides no facts from which any

legal claim could be inferred:[3]

> Plaintiff [redacted] earned time credits will be equal to the remainder of [redacted] sentence [redacted]. Plaintiff [redacted] earned time credits will be equal to the remainder of his sentence as of [redacted], 2025. Defendants intend to imprison Plaintiffs [sic] until [redacted], months longer than the First Step Act allows.

(Doc. 12 at 13). To the extent they can be liberally construed as supplements to the

amended complaint, plaintiff's motions for leave to amend are similarly devoid of any

factual allegations to support Kelly's claims. The first motion provides general legal

arguments regarding the FSA and does not contain any facts regarding Kelly's specific

claims, while the second motion seeks to name an additional defendant but does not allege

any additional facts. (See Docs. 10, 18). Thus, because there are simply no facts alleged to

support plaintiff's claim that defendants are failing to properly implement the FSA, his

amended complaint will be dismissed.

Before dismissing a civil rights complaint for failure to state a claim, courts must

permit a curative amendment unless the amendment would be inequitable or futile.

Phillips, 515 F.3d at 245. The court will deny leave to amend as futile. Kelly has had

multiple opportunities to state a claim and has failed to do so.

---

[3] The court indicates words that plaintiff has crossed out from the original complaint with the notation "redacted."

IV.    **<u>Conclusion</u>**

Kelly's amended complaint is dismissed with prejudice. An appropriate order shall

issue.


/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    October 16, 2025